IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION | Consolidated Under<br>MDL DOCKET NO. 875 |
| PAULINE E. MARLEY, Individually and<br>as Personal Representative of the Estate<br>of DAVID A. MARLEY, | Transferred from the<br>Southern District of Florida |
|      Plaintiff, | E.D. Pa. Civil Action No.<br>2:09-CV-70612-ER |
| -vs.- | |
| ALFA LAVAL, INC., ET AL., | |
|      Defendants. | |

**DEFENDANT, GEORGIA-PACIFIC'S, MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Georgia-Pacific LLC f/k/a Georgia Pacific Corporation ("Georgia-Pacific"), by and through its undersigned counsel, hereby files this Motion to Dismiss pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure, and in support thereof, states:

**PROCEDURAL BACKGROUND**

1.     On October 16, 2007, then Plaintiffs, David Marley[1] ("Decedent" or "Mr. Marley") and Pauline Marley ("Plaintiff" or "Mrs. Marley"), filed a complaint in state court in Miami-Dade County, Florida against numerous defendants. The Plaintiffs claim that Mr. Marley was exposed to asbestos from products manufactured, supplied, and/or distributed by the defendants, from 1959 to 1980, and that the products caused him to develop an asbestos-related condition. Georgia-Pacific was not included as a party to this complaint. A copy of the state court complaint is attached as Exhibit "A."

---

[1] David Marley is currently deceased, but was living at the time the complaint was filed in state court.

2.  On November 21, 2007, Defendant Elliott Company removed the action from state court to the U.S. District Court for the Southern District of Florida. (S.D.[2] D.E. 1).

3.  On March 19, 2008, Mr. Marley passed away. A Suggestion of Death was filed on March 24, 2009. (S.D. D.E. 81).

4.  On April 21, 2008, Plaintiff filed Plaintiff's Motion for Leave to Amend Complaint to Allege Wrongful Death and to Add Georgia-Pacific as Party Defendant and Memorandum of Law. (S.D. D.E. 100).

5.  On May 14, 2008, Judge Adalberto Jordan entered an order granting Plaintiff's motion to amend the complaint, deeming the amended complaint ("Amended Complaint") attached to the motion filed as of the same day. (S.D. D.E. 103).

6.  On June 16, 2008, The United States Judicial Panel on Multidistrict Litigation entered a transfer order conditionally transferring the case to the Eastern District of Pennsylvania. (S.D. D.E. 124).

7.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to serve Georgia-Pacific with the Amended Complaint no later than 120 days from the date of filing of the Amended Complaint, to wit, by September 12, 2008.

8.  Plaintiff never served Georgia-Pacific with the Amended Complaint. Moreover, Plaintiff never requested nor received leave of court to extend the time within which to effectuate service on Georgia-Pacific.

---

[2] Documents filed in the U.S. District Court for the Sothern District of Florida will be designated as "S.D. D.E." They will include the document number after such designation.

9. On June 25, 2009, this Court granted Plaintiff's ore tenus motion to file a Supplemental Complaint. (D.E. 5). On November 24, 2009, Plaintiff served Georgia-Pacific with the Supplemental Complaint. (D.E. 6 and 8).

10. The Supplemental Complaint is devoid of any allegations that new events occurred subsequent to the filing of the Amended Complaint.

## SUMMARY OF ARGUMENT

Georgia-Pacific files the instant motion based on Plaintiff's failure to serve this Defendant with the Amended Complaint within the 120 days prescribed by Rule 4 of the Federal Rules of Civil Procedure. Although Plaintiff obtained leave of Court to add Georgia-Pacific as a party to the lawsuit while the action was pending in the U.S. District Court for the Southern District of Florida, she plainly failed to serve Georgia-Pacific with the Amended Complaint. Plaintiff later filed a Supplemental Complaint in this Court, but she failed to allege that any new transaction, occurrence, or event had happened after the date of filing of the Amended Complaint. Therefore, the Supplemental Complaint was improper as a matter of law. Moreover, the Amended Complaint and Supplemental Complaint fail to state a cause of action for negligence, strict liability and loss of consortium. Therefore, the Amended Complaint and Supplemental Complaint should be dismissed as to Georgia-Pacific.

## MEMORANDUM OF LAW

I. PLAINTIFF'S AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT SHOULD BE DISMISSED BASED ON PLAINTIFF'S FAILURE TO SERVE GEORGIA-PACIFIC WITHIN 120 DAYS FROM THE DATE OF FILING OF THE AMENDED COMPLAINT

   A. Plaintiff's Amended Complaint Should Be Dismissed Based on Plaintiff's Failure to Serve Georgia-Pacific

Then Plaintiffs, David Marley and Pauline Marley, filed the initial complaint on October 16, 2007. After Mr. Marley passed away, Plaintiff filed an Amended Complaint and asserted a new claim for wrongful death and added an additional defendant, Georgia-Pacific. Because Georgia-Pacific was a new party, Plaintiff was required to serve it with the Amended Complaint. The requirements for serving a summons and complaint are set forth in Rule 4 of the Federal Rules of Civil Procedure:

> Rule 4(c)(1) of the Federal Rules of Civil Procedure states:
>
>> In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> Rule 4(m) of the Federal Rules of Civil Procedure states:
>
>> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-*must dismiss the action without prejudice against that defendant* or order that service be made within a specified time.

(Emphasis added).

The Plaintiff was required to serve Georgia-Pacific within 120 days of the filing of the Amended Complaint, or face dismissal of the action as to Georgia-Pacific. *Dyer v. Wal-Mart Stores, Inc.*, No. 08-14833, 2009 WL 613119, at *844 (11th Cir. Mar. 11, 2009)(plaintiff failed to serve defendants within 120 days warranting dismissal); *Morrison v. Morgan Stanley Properties*, No. 06-80751, 2008 WL 1771869, at *2-3 (S.D. Fla. Apr. 15, 2008)(the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint); *City of Merced v. R.A. Fields*, 977 F. Supp. 1326, 1338 (E.D. CA

1998)(when complainant is given leave to amend complaint to add new parties, Rule 4(m) requires complainant to serve amended complaint on newly-added party within 120 days).

In the instant case, Plaintiff never served Georgia-Pacific with the Amended Complaint. Moreover, Plaintiff never requested an extension of time to serve Georgia-Pacific. Therefore, Plaintiff's Amended Complaint should be dismissed.

> B.   Plaintiff's Supplemental Complaint Should Be Dismissed Because No New Event Occurred after the Supplemental Pleading that Would Warrant the Filing of a Supplemental Pleading

Rule 15(d) of the Federal Rules of Civil Procedure, in part, states:

> Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event <u>that happened after the date of the pleading to be supplemented</u> . . . .

(Emphasis added). Plaintiffs, David Marley and Pauline Marley, filed the initial complaint on October 16, 2007. After Mr. Marley passed away, Plaintiff filed an Amended Complaint and asserted a new claim for wrongful death and added an additional defendant, Georgia-Pacific. Plaintiff failed to serve Georgia-Pacific with the Amended Complaint within the requisite time-period. No new transaction, occurrence, or event occurred after the Amended Complaint was filed.

Thereafter, Plaintiff attempted to obtain additional time to serve Georgia-Pacific by requesting leave to file a Supplemental Complaint. However, Rule 15(d) which governs supplemental pleadings, permits the expansion of the existing litigation to include events that occur only *after* the filing of the original pleading, not before the filing of the original pleading. *Maryland Casualty Co. v. Miami Transit Co.*, 96 F. Supp

490, 491 (S.D. Fla. 1951)(where plaintiff's supplemental claim for relief raises no legal principles not involved in the original claim for relief, as to which court previously denied a motion to dismiss by defendant, motion to dismiss supplemental claim for relief would be denied); *San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491 (E.D. CA. 2006)(provision governing supplemental pleadings is designed to permit expansion of the scope of existing litigation to include events that occur after the filing of the original complaint).

The Supplemental Complaint does not contain any allegations that concern anything that occurred after the Amended Complaint. The only difference between the Supplemental Complaint and the Amended Complaint is the addition of a cause of action, i.e. a survival action, that is based solely on facts that occurred *before* the Amended Complaint was filed and which were alleged in the Amended Complaint. A supplemental pleading is an improper vehicle to add a cause of action. *Maryland Casualty Co.* at 491; *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101 (W.D. MI 1939). (an "amended pleading" is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time, whereas a "supplemental pleading" is designed to cover matters subsequently occurring but pertaining to the original cause). Thus, regardless of whether a survival action is proper, because it is based on facts that occurred prior to the filing of the Amended Complaint, raising such a claim in the Supplemental Pleading is improper. *Berssenbrugge* at 101-02.

      C.    <u>Plaintiff's Supplemental Complaint Should Be Dismissed Based on Plaintiff's Failure to Serve Georgia-Pacific</u>

In an effort to circumvent the 120-day rule and her failure to serve Georgia-Pacific after filing the Amended Complaint, Plaintiff sought and obtained leave of Court

to file her Supplemental Complaint. However, Plaintiff's plan was flawed as courts have found that service of an amended complaint does not effect service when the original complaint had not been served. *Del Raine v. Carlson*, 826 F. 2d 698 (7th Cir. 1987)("The purpose of allowing complaints to be amended is to enable the pleading to be conformed to the developing evidence rather than to extend the time for service indefinitely."); *Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 668 (W.D. Mo. 1990), *aff'd*, 932 F. 2d 697 (8th Cir.), *cert. denied*, 502 U.S. 1005 (1991)(court determined that if plaintiff were allowed to file an amended complaint after the service deadline had passed, "the purpose of Rule(j) would be emasculated."). Plaintiff's service of the Supplemental Complaint on Georgia-Pacific does *not* cure her failure to serve Georgia-Pacific with the Amended Complaint within the 120 days prescribed by Rule 4(m).

Moreover, if this Court found that the Supplemental Complaint was properly served to include Georgia-Pacific in this case, Georgia-Pacific would be severely prejudiced by missing certain deadlines and by being unable to comply with the other deadlines of the Amended Scheduling Order. First, the discovery deadline passed on November 30, 2009. The deadlines that have not passed[3] are fast approaching, and Georgia-Pacific has not had an opportunity to perform any discovery in this case. In addition, the Amended Scheduling Order scheduled a *second* settlement conference[4] for January 19 and 20, 2010. Again, Georgia-Pacific has taken no discovery in this case and is not in a position to partake in a fruitful settlement conference. Plaintiff's service of the

---

[3] The deadlines are as follows: any defense economic and medical causation expert reports must be completed and served by December 31, 2009; any dispositive motions must be filed by January 30, 2010; any dispositive motions must be filed by January 30, 2010; responses to dispositive motions must be filed by February 17, 2010; and replies to responses to dispositive motions must be filed by February 24, 2010.
[4] Georgia-Pacific had no knowledge of a first settlement conference because it had not been served in this action at the time.

7

Supplemental Complaint on Georgia-Pacific, if allowed, would substantially prejudice Georgia-Pacific. See *Hall v. Central Intelligience Agency*, 437 F. 3d 369 (D.C. 2006)(delay and prejudice are matters to be addressed in considering whether to grant motions for supplemental pleadings; such motions are to be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action). Therefore, Plaintiff's Complaint should be dismissed.

> II. PLAINTIFF'S AMENDED AND/OR SUPPLEMENTAL COMPLAINTS SHOULD BE DISMISSED BASED ON PLAINTIFF'S FAILURE TO STATE A CAUSE OF ACTION AGAINST GEORGIA-PACIFIC, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Rule 8 of the Federal Rules of Civil Procedure states that a pleading which sets forth a claim for relief must state a cause of action and shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." *Bolin v. Smithline Beecham Corp.*, 2008 WL 3286973 (S.D. Fla. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bolin* at 4; *quoting Bell Atlantic v. Twombly,* 550 U.S. 554 (2007). Rather, the facts set forth in the complaint must be sufficient to "nudge the claims across the line from conceivable to plausible." *Id.*

> A. The Plaintiff's Amended and/or Supplemental Complaints should be dismissed because it fails to state a cause of action in negligence

Plaintiff's Amended and/or Supplemental Complaints fail to state a cause of action for negligence in that they fail to allege the circumstances, if any, when and where Mr. Marley used a product attributable to Georgia-Pacific. Specifically, they fail to allege facts to establish a duty or breach thereof by Georgia-Pacific which proximately resulted in injuries to Mr. Marley.

To sustain a negligence claim, the plaintiff must allege sufficient facts to show that the defendants owed a duty of care, that duty was breached, there is proximate causation (i.e. "the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred.") and some damage was suffered as a result of this breach. See *Whitt v. Silverman*, 788 So.2d 210, 216-17 (Fla. 2001) (quoting *McCain v. Florida Power*, 593 So. 2d 500, 502 (Fla. 1992). Furthermore, in a products liability action, the element of duty requires the Plaintiff to allege that the Defendant manufactured a product which the Decedent used. See *Vecta Contracts, Inc. v. Lynch*, 444 So. 2d 1093 (Fla. 4th DCA 1984), review denied, 453 So. 2d 44 (Fla. 1985). The Supplemental Complaint and the Amended Complaint fail to allege or state ONE specific Georgia-Pacific product ever purchased, used, or with which Mr. Marley otherwise came into contact.

In addition, Plaintiff's Supplemental Complaint and the Amended Complaint include conclusory allegations of affirmative misrepresentations which do not address any element of a negligence or negligent failure to warn claim. If these allegations were intended to state a misrepresentation/fraud claim, the "count" fails to state a claim in conformity with Fed. R. Civ. P. 9(b).

Plaintiff's Supplemental Complaint and the Amended Complaint fail to allege any of the foregoing requirements, as required by Florida law, in failing to include any

9

allegations of duty owed by Georgia-Pacific, breach of said duty and resulting injury to Mr. Marley. Therefore, due to Plaintiff's failure to allege ultimate facts to put Georgia-Pacific on fair notice or apprise Georgia-Pacific of the claim and the basis upon which it rests, Plaintiff thereby fails to state a cause of action in negligence and Count I of the Supplemental Complaint and the Amended Complaint should be dismissed.

> B. <u>The Plaintiff's Supplemental Complaint and the Amended Complaint should be dismissed because it fails to state a cause of action in strict liability.</u>

Plaintiff's Supplemental Complaint and the Amended Complaint fail to state a cause of action for strict liability under Florida law in that it fails to allege sufficient ultimate facts to identify a specific product and to establish the relationship of Georgia-Pacific to any specific product. Furthermore, the Supplemental Complaint and the Amended Complaint fail to allege specific ultimate facts to establish an allegedly defective and unreasonably dangerous condition of any product allegedly manufactured, distributed or sold by Georgia-Pacific, specifically, the nature of the defects and when the product left Georgia-Pacific's control. Moreover, the Supplemental Complaint and the Amended Complaint fail to allege ultimate facts, as opposed to broad generalizations, to establish the existence of any proximate casual connection between the alleged defect and any product manufactured or sold by Georgia-Pacific, and to the alleged injures or damages sustained by the Plaintiff. See *West v. Caterpillar Tractor Co.*, 336 So. 2d 80 (Fla. 1976). Absent compliance with these minimum pleading requirements, the Supplemental Complaint and the Amended Complaint fail to state a claim for strict liability and Count II should be dismissed.

    C.    <u>The Plaintiff's Supplemental Complaint and the Amended Complaint should be dismissed because it fails to state a cause of action for loss of consortium.</u>

Plaintiff's Supplemental Complaint and the Amended Complaint fail to state a cause of action for Loss of Consortium (Count III in the Amended Complaint) which is a derivative claim for the personal injury of a spouse. Upon the death of the Decedent, Plaintiff's damages were dictated by the Florida Wrongful Death Act and the derivative claim was no longer a viable cause of action. Therefore, Count III should be dismissed.

Alternatively, based on the vagueness and ambiguity of the allegations contained in the Amended and Supplemental Complaint, which are not specific enough for Georgia-Pacific to formulate a response, Georgia-Pacific moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

Based upon the foregoing arguments and authority, Georgia-Pacific respectfully requests entry of an order dismissing this action against Georgia-Pacific, and for such further relief as the Court deems just and proper.

Respectfully submitted,

BENNETT AIELLO COHEN & FRIED

The Ingraham Building, Suite 808
25 Southeast Second Avenue
Miami, Florida 33131-1603
(305) 358-9011 (Telephone)
(305) 358-9012 (Facsimile)
jfried@bennettaiello.com
dgarcia@bennettaiello.com

By: _S/_____
    Jana Marie Fried
    Florida Bar Number 060267
    Daniel A. Garcia
    Florida Bar Number 0194130

Attorneys for Georgia-Pacific LLC

## Certificate Of Service

**WE HEREBY CERTIFY** a true and correct copy of the foregoing document was served this 14th day of December, 2009 on all Counsel of Record electronically (CM/ECF) or in some other authorized manner for those counsel or parties, who are not authorized to receive electronically Notice of Electronic Filing.

X:\Marley, David\Pleadings\Motion to Dismiss Amended Complaint.doc