IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | Consolidated Under MDL DOCKET NO. 875 |
| PAULINE E. MARLEY, Individually and as the personal representative of the estate of DAVID A. MARLEY, | Transferred from the Western Southern District of Florida |
| Plaintiff, | E.D. Pa. Civil Action No. 2:09-cv-70612 |
| v. | |
| ALFA LAVAL, INC., et al., | |
| Defendants. | |

## O R D E R

**AND NOW**, this **12th** day of **February, 2010**, it is hereby **ORDERED** that Defendant Georgia-Pacific's motion to dismiss (doc. no. 68), filed on December 14, 2009, is **GRANTED**.[1]

---

[1] Defendant Georgia-Pacific moves to dismiss Plaintiff's claims against it under Fed. R. Civ. P. 4 and 12. Specifically, Defendant claims that service was improper under Rule 4(m), as Plaintiff did not effect service on Georgia-Pacific within 120 days of filing their amended complaint. Also, Defendant argues that the complaint does not set forth a claim under Rule 12(b)(6) and is impermissibly vague and ambiguous under Rule 12(e). Plaintiff has responded to each of these claims. (Doc. no. 78.)

Plaintiff filed the instant cause of action on October 16, 2007 in the state court for Miami-Dade County, Florida. Georgia-Pacific was not named in the original complaint. (Def.'s Mot. to Dismiss 1, doc. no. 68.) The case was removed to federal court on November 21, 2007 by defendant Elliot Company. On March 19, 2008, David Marley ("Decedent") died. Before Pauline Marley was named Personal Representative for Decedent, Plaintiffs filed a motion for leave to amend the complaint and to add Georgia-Pacific as a defendant. This motion was granted by Judge Adalberto Jordan in the Southern District of Florida on May 14, 2008. On June 16, 2008, the case was transferred to the Eastern District of Pennsylvania by the Judicial Panel on Multidistrict Litigation and consolidated as part of MDL-875.

---

Georgia-Pacific was never served with this amended complaint. Once the case was assigned an Eastern District of Pennsylvania civil action number, it was referred to Chief Magistrate Judge Thomas J. Rueter for settlement and pretrial proceedings. On June 25, 2009, Judge Rueter granted Plaintiff's ore tenus motion to file a supplemental complaint, which was served on Georgia-Pacific on November 24, 2009. (See Ord. Granting Pl.'s Mot. for Leave to File a Supp. Compl., doc. no. 5.)

Defendant argues that, since the amended complaint was not served within 120 days of May 14, 2008, they are entitled to have the action dismissed under Rule 4(m) and/or Rule 12(b)(6). As to the supplemental complaint, Defendant argues that the complaint failed to allege any new transaction, occurrence or event relating to Georgia-Pacific, and therefore is improper as a matter of law. (Def.'s Mot. to Dismiss 3, doc. no. 68.)

Plaintiff responds that having to formally substitute Pauline Marley as the Personal Representative for Decedent's estate is a transaction, occurrence or event that happened after the pleading to be supplemented, pursuant to Rule 15(d). (Pl.'s Resp. in Opp'n to Def.'s Mot. Dismiss 2, doc. no. 78.) Furthermore, Plaintiff argues that the supplemental pleading authorized by Judge Rueter relates back to the original pleading because it arose out of the conduct, occurrence or transaction set out in the original pleading. See Fed. R. Civ. P. 15(c)(1)(B). Therefore, since service was effected within 120 days of the date of the supplemental pleading, Plaintiff argues that they have complied with the requirements of Rule 4(m).

Judge Rueter's order, dated June 25th, 2009, construed Plaintiff's request to file an amended pleading as a motion for leave to file a supplemental pleading under Fed. R. Civ. P. 15(d). Rule 15(d) allows a party, with permission of the Court, to supplement a pleading by "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In this case, Judge Rueter specifically authorized Plaintiff to supplement her complaint "to add a survival action and a wrongful death action, and to substitute the representatives of decedents' estates as plaintiffs." (Ord. Granting Pl.'s Mot. for Leave to File a Supp. Compl., doc. no. 5.)

Georgia-Pacific was named in the supplemental complaint authorized by Judge Rueter and service was made within 120 days. The uncontroverted evidence in this case, however, shows that Georgia-Pacific was neither named in the original complaint nor

It is further **ORDERED** that Georgia-Pacific's motion for exemption from existing deadlines, or alternatively, modification of existing scheduling order (doc. no. 118) is **DENIED** as moot.

It is further **ORDERED** that Plaintiff's claims against Georgia-Pacific are **DISMISSED**.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

served with the amended complaint allowed by Judge Jordan in the Southern District of Florida. Therefore, Plaintiff is attempting to cure their failure to serve Georgia-Pacific with the first amended complaint by naming it as a defendant in the supplemental complaint and serving this supplemental complaint within 120 days. Plaintiff's attempt is tantamount to attempting to add a party in their supplemental pleading, as Georgia-Pacific was never properly a party to this lawsuit by way of either the original complaint or the first amended complaint.

To survive a motion to dismiss, plaintiff must allege facts that "raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In the instant case, neither the text of Judge Rueter's order nor the language found in Fed. R. Civ. P. 15(d) authorizes the addition of a party. Therefore, Plaintiff's effort to cure their previous failure to serve Georgia-Pacific is futile. Since Georgia-Pacific was never properly served with any pleading naming it as a party, Plaintiff has failed to establish that she has a right to relief against Georgia-Pacific. Therefore, Georgia-Pacific's motion to dismiss under Rule 12(b)(6) is granted.