## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |
| PAULINE MARLEY, Individually and as<br>Personal Representative of the Estate of<br>DAVID MARLEY, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>ELLIOTT TURBOMACHINERY CO. INC., *et al*.,<br><br>    Defendants,<br>_____/ | Civil Action No. 2:09-cv-70612-ER<br><br>*Transferred from:*<br>*U.S. District Court for the Southern*<br>*District of Florida, Miami Division*<br>*Civil Action No. 1:07-cv-23042-*<br>*Jordan/Torres* |

### PLAINTIFF PAULINE MARLEY'S MOTION FOR CLARIFICATION OF ORDER GRANTING DEFENDANT GEORGIA-PACIFIC, LLC'S MOTION TO DISMISS

COMES NOW, Plaintiff, PAULINE MARLEY, Individually and as Personal Representative of the Estate of DAVID MARLEY, deceased, by and through her undersigned counsel, and hereby files this Motion for Clarification of this Court's Order Granting Defendant Georgia-Pacific, LLC's Motion to Dismiss, entered February 12, 2010 and docketed March 4, 2010. In support of her Motion, Plaintiff states as follows:

1. On February 12, 2010, after considering Georgia-Pacific's Motion to Dismiss and Plaintiff's Response thereto, this Court Ordered that "Plaintiff's claims against Georgia-Pacific are DISMISSED." Docket No. 149. The Court's Order was docketed on March 4, 2010.

2. Plaintiff presently seeks clarification of both the language used in dismissing Plaintiff's claims against Georgia-Pacific, and the underlying basis of the Order.

3.      By stating that the claims against Georgia-Pacific are "DISMISSED," the Court has not addressed whether the dismissal is *with* or *without* prejudice.  Plaintiff argues that the dismissal must be *without* prejudice, especially given the basis for the Court's opinion.

4.      The Court's Order seems to dismiss the Plaintiff's claims under Rule 12(b)(6), Federal Rules of Civil Procedure, even though the Court's analysis is based entirely on Plaintiff's failure to properly serve Georgia-Pacific under Rule 4(m), Fed. R. Civ. P.  Docket No. 149, fn. 1.  In the Order, the Court does not endeavor to make a decision on failure to state a cause of action for any of Plaintiff's claims.  Id.  Instead, the Court's entire opinion reflects that Georgia-Pacific was never properly served with Plaintiff's Amended Complaint, and for that reason, a dismissal was proper.  Id.

5.      Georgia-Pacific's own argument makes clear that it was not seeking a Rule 12(b)(6) dismissal on the failure to properly serve issue.  Docket No. 68.  Rather, Georgia-Pacific's motion to dismiss shows that the Rule 12(b)(6) motion was for a failure to state a cause of action for negligence, strict liability and loss of consortium.  Docket No. 68, p. 3.  Based on Plaintiff's failure to properly serve Georgia-Pacific with Plaintiff's Amended Complaint within 120 days of filing, Georgia-Pacific made the argument that Plaintiff's claims against it must be dismissed pursuant to Rule 4(m), Fed. R. Civ. P.  Docket No. 68, pp. 3-8.

6.      According to Rule 4(m), Fed. R. Civ. P., if the Plaintiff does not properly serve the complaint within 120 days after the complaint is filed, the court "must dismiss the action without prejudice."

7.      Therefore, the Court's Order should reflect a dismissal without prejudice pursuant to Rule 4(m), and not a dismissal, either with or without prejudice, pursuant to Rule 12(b)(6).

8. Mr. Marley passed away from an asbestos-related mesothelioma on March 18, 2008. Through depositions in this matter, it was uncovered that Mr. Marley worked with and/or around Georgia-Pacific asbestos-containing joint compound products. It is essential that Plaintiff receive a clarification of the Court's Order in order to file a separate action against Georgia-Pacific within the appropriate statute of limitations period.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to Clarify its Order entered February 12, 2010, and docketed on March 4, 2010.

Dated: March 16, 2010

Respectfully submitted,

___/s/_____
JORDAN M. KIRBY, ESQ.
Florida Bar No. 67217
THE FERRARO LAW FIRM, P.A
4000 Ponce De Leon Boulevard, Suite # 700
Telephone: (305) 375-0111
Fax: (305) 375-6222
Email: jmk@ferrarolaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF filing system this 16th day of March, 2010.

___/s/_____
JORDAN M. KIRBY, ESQ.
Florida Bar No. 67217